Lewis **STEWART,** Petitioner—Appellant,

v.

Robert **HILDRETH,** Respondent—Appellee.

No. 04–16653.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2006.*

Decided March 17, 2006.

Lewis Stewart, SDCC—Southern Desert Correctional Center, Indian Springs, NV, pro se.

Mario Valencia, Henderson, NV, for Petitioner–Appellant.

Thom Gover Fax, Conrad Hafen, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, Respondent–Appellee.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Lewis Stewart appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Stewart argues that he was denied the effective assistance of appellate counsel on his direct appeal to the Nevada Supreme Court when counsel failed to pursue Sixth Amendment claims arising out of a request

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

to substitute counsel and for a continuance at trial. However, the supreme court's determination was not contrary to federal law clearly established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or based upon an unreasonable determination of the facts. Stewart mentioned the possibility of retaining counsel on the eve of trial. New counsel was not present, and there was no indication of when (or if) counsel would be retained and prepared to proceed. In these circumstances it was not unreasonable for the supreme court to find no abuse of discretion.

The district court's treatment of Stewart's mixed petition was consistent with *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005), as it simply closed Stewart's federal habeas action administratively, allowing Stewart to move to reopen under the same case number before the same judge once he had exhausted all of his claims. This procedure was the functional equivalent of a stay and abeyance, and therefore solved any statute of limitations problem.

Stewart chose not to exhaust, and thus to abandon, three claims including one that the evidence was insufficient to establish "substantial bodily harm" to his victim. Consequently, Stewart mooted any relief that might be available on account of ineffective assistance of appellate counsel in failing to "federalize" this claim in his direct appeal. The district court's judgment was therefore not in error.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the